DAVID W. HANSEN (CA Bar No. 196958)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone: (650) 470-4560
Facsimile: (650) 470-4570

Attorneys for Defendant,
TSA STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GRIPITZ, LLC, a California limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TSA STORES, INC., a Delaware corporation d/b/a Sports Authority,<br><br>　　　　　　Defendant. | No. C 07-2493 MEJ<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT TSA STORES, INC.**<br><br>**JURY TRIAL DEMANDED** |

## <u>ANSWER</u>

Defendant, TSA Stores, Inc. ("TSA"), answers the Complaint ("Complaint") of plaintiff, Gripitz, LLC ("Gripitz"), as follows:

The "Nature Of Action" paragraph of the Complaint.  TSA admits that this action purportedly arises under the patent laws of the United States.  TSA otherwise denies each and every allegation in the "Nature Of Action" paragraph of the Complaint.

　　1.　　TSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies each and every allegation of paragraph 1.

2. TSA admits that it is a Delaware corporation headquartered at 1050 W. Hampden Avenue, Englewood, CO, doing business as Sports Authority with locations in this district. TSA otherwise denies each and every allegation of paragraph 2 of the Complaint.

3. TSA admits that this action purportedly arises under the patent laws of the United States, and that this Court has subject matter jurisdiction over this lawsuit. TSA otherwise denies each and every allegation of paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint consists of legal conclusions that TSA is not required to admit or deny, and TSA therefore denies each and every allegation of paragraph 4.

5. TSA does not contest personal jurisdiction or venue over this lawsuit. TSA otherwise denies each and every allegation of paragraph 5.

6. TSA admits that a copy of U.S. Patent No. 7,156,791 (the "'791 patent") was attached to the Complaint as Exhibit A, and that the '791 patent is titled "Yoga Grip Block" and has an issue date of January 2, 2007. TSA otherwise denies each and every allegation of paragraph 6.

7. TSA admits that it has offered to sell and sold through its Sports Authority stores a "Body Fit by Sports Authority" product. TSA otherwise denies each and every allegation of paragraph 7.

8. TSA denies each and every allegation of paragraph 8.

9. TSA denies each and every allegation of paragraph 9.

10. TSA denies each and every allegation of paragraph 10.

11. TSA repeats and realleges as if fully set forth herein its responses in paragraphs 1 through 10 above.

12. TSA denies each and every allegation of paragraph 12.

13. TSA denies each and every allegation of paragraph 13.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

TSA has not and is not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any valid claim of the '791 patent.

## THIRD DEFENSE

The claims of the '791 patent are invalid for failure to comply with the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112 and/or 116.

## FOURTH DEFENSE

Some or all of plaintiff's claims for relief are barred by 35 U.S.C. § 273.

## FIFTH DEFENSE

On the basis of proceedings before the United States Patent and Trademark Office ("PTO") during prosecution of the applications that matured into the '791 patent and of statements made by or on behalf of the named inventors, plaintiff is estopped from construing the '791 patent to cover the allegedly infringing products.

## SIXTH DEFENSE

Plaintiff has an adequate remedy at law and no basis exists for the grant of equitable relief.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or part by the doctrines of waiver, laches, unclean hands and/or estoppel.

## EIGHTH DEFENSE

Plaintiff's claims for damages and injunction are barred in whole or in part by operation of the applicable statues, including but not limited to 35 U.S.C. §§ 286 and 287.

## ADDITIONAL DEFENSES

TSA reserves the right to assert additional affirmative defenses, including unenforceability of the '791 patent, after appropriate discovery.

**COUNTERCLAIM**
(Declaratory Judgment Of Noninfringement
And Invalidity Of The '791 Patent)

1. TSA incorporates the foregoing averments as if fully set forth herein.

2. By its Complaint, plaintiff alleges that the '791 patent is valid and infringed by TSA. TSA denies these allegations. TSA contends that it does not infringe any valid claim of the '791 patent, either directly or indirectly. A justiciable controversy therefore exists between TSA and plaintiff.

3. By this Counterclaim, TSA seeks a declaration that no valid claim of the '791 patent is infringed by TSA, either directly or indirectly.

4. A judicial declaration is necessary and appropriate at this time in order that TSA may ascertain its rights and duties with respect to the '791 patent.

5. This Counterclaim arises under federal statutory law, including 35 U.S.C. § 271 *et seq*. and 28 U.S.C. § 2201. Accordingly, this Court has jurisdiction over this Counterclaim pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a).

PRAYER FOR RELIEF

WHEREFORE, TSA respectfully requests that the Court award the following relief:

A. Dismiss the Complaint with prejudice in its entirety and deny plaintiff any relief whatsoever;

B. Enter judgment in favor of TSA and against plaintiff on all claims in the Complaint;

C. Declare that TSA has not infringed the '791 patent;

D. Declare that some or all of the claims of the '791 patent are invalid;

E. Issue an injunction restraining and enjoining plaintiff from enforcing, attempting to enforce, or threatening to enforce any claim of the '791 patent against TSA, or any entity associated or affiliated with TSA;

F. Declare that this is an exceptional case under 35 U.S.C. § 285;

G. Award TSA its costs and attorneys' fees in connection with this action; and,

      H.    Award TSA such other and further relief in law or in equity this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

TSA demands a trial by jury of any and all issues triable of right before a jury.

Dated: July 16, 2007                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   /S/ David W. Hansen
David W. Hansen (CA Bar No. 196958)
525 University Avenue, Suite 1100
Palo Alto, California 94301
(650) 470-4500
(650) 470-4570 (fax)

Attorneys for Defendant,
TSA STORES, INC.

Answer, Affirmative Defenses And Counterclaim
Of Defendant TSA Stores, Inc. And Jury Demand
Case No. C 07-2493 MEJ           -5-